IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HARLEY K. DAVIS,** | CV 01-6050-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **JOANNE B. BARNHART, Commissioner,** Social Security Administration | |
| Defendant. | |

**MARTIN J. MCKEOWN**
P.O. Box 11650
Eugene, OR 97440
(541) 683-6235

Attorney for Plaintiff

**KAREN J. IMMERGUT**
United States Attorney
**CRAIG J. CASEY**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1024

**LUCILLE G. MEIS**
Office of the General Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3621

    Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on the Motion for Order Approving Attorney's Fee (#11) filed by Plaintiff's attorney. For the following reasons, the Court denies the Petition.

## BACKGROUND

    Plaintiff Harley K. Davis sought judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits.  On August 15, 2001, the Court entered an Opinion and Order reversing and remanding this matter to the Commissioner for further proceedings.  On August 20, 2001, the Court entered a separate Judgment remanding this matter to the Commissioner pursuant to the Court's August 15, 2001, Opinion and Order.[1]

---

[1] Although the Judgment does not specify whether this matter was remanded under Sentence Six or Sentence Four of § 405, the Court did not state in the Opinion and Order that it retained jurisdiction over this action.  The remand, therefore, was pursuant to Sentence Four of § 405.

2 - OPINION AND ORDER

On March 30, 2005, almost four years after the Judgment of Remand was entered, Plaintiff's counsel, Martin McKeown, filed a Motion for Order Approving Attorney's Fee seeking fees pursuant to the Equal Access to Justice Act (EAJA).

The EAJA provides in pertinent part:

> A court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought . . . against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(b). The EAJA, however, requires an attorney seeking fees to file a petition for fees "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). In *Shalala v. Schaefer*, 509 U.S. 292 (1993), the Supreme Court held the language of § 2412(d)(1)(B) means a petition for fees in Social Security cases must be filed within 30 days after the time for appeal has ended. 509 U.S. at 302.

Federal Rule of Appellate Procedure 4(a)(1) establishes the time for appeal ends 60 days after the "entry of judgment" in a civil case in which a federal officer is a party. A judgment "is considered entered for purposes of the rule only if it has been 'entered in compliance with Rul[e] 58 . . . of the Federal Rules of Civil Procedure.'" *Schaefer*, 509 U.S. at 302 (quoting Fed. R. App. P. 4(a)(1),(7)).

Here the Court entered a Judgment in accordance with Fed. R. Civ. P. 58 on August 20, 2001. The time for Plaintiff to Appeal

3 - OPINION AND ORDER

the Judgment, therefore, ended October 19, 2001.  Plaintiff did not appeal the Judgment.  Accordingly, McKeown, as Plaintiff's attorney, could file an application for attorney's fees in this case no later than November 19, 2001.

McKeown did not file his application for attorney's fees until March 30, 2005, almost four years after his time to file a petition had lapsed.  The Court, therefore, denies McKeown's Motion for Order Approving Attorney's Fee as untimely.

## **CONCLUSION**

The Court **DENIES** McKeown's Motion for Order Approving Attorney's Fee (#11) as untimely.

IT IS SO ORDERED.

DATED this 27th day of May, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge